UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **JOHNNY E. HICKS**<br>    **FED. REG. NO. 08821043-043** | **CIVIL ACTION NO. 2:12-cv-3109**<br>    **SECTION P** |
| **VERSUS** | **JUDGE MINALDI** |
| **JOSEPH YOUNG** | **MAGISTRATE JUDGE KAY** |

<u>REPORT AND RECOMMENDATION</u>

Before the court is the application for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 filed by *pro se* petitioner Johnny E. Hicks ("Hicks"). Hicks is an inmate in the custody of the Federal Bureau of Prisons ("BOP") and he is currently incarcerated at the Federal Correctional Institute in Oakdale, Louisiana ("FCIO"). Hicks names Joseph Young as respondent herein.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons, IT IS RECOMMENDED that the matter be DISMISSED WITH PREJUDICE.

## I. BACKGROUND

We found Hicks's original petition was deficient in that he did not provide proof of exhaustion of BOP administrative remedies and, after review, we issued an amend order instructing Hicks to provide proof of exhaustion and a full timeline of his incarceration history. Doc. 2. Hicks timely complied with the order. Doc. 3. Based on the documentation provided, the court is satisfied that Hicks exhausted his administrative remedies.

The record provides the following timeline of events:

- *June 20, 2005*: Hicks was arrested for residential burglary in Mississippi. Hicks was also indicted for the federal charges of being a felon in possession of firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2);[1]

- *November 3, 2005*: Hicks was placed into to federal custody to await trial on the federal charges.

- *February 7, 2006*: Hicks pled guilty to the federal felon-in-possession charge.

- *February 8, 2007*: Hicks was sentenced to a 120-month term of imprisonment for the federal crime. The federal Judgment and Commitment Order was silent as to the service of Hicks's federal sentence.

- *March 28, 2007*: Hicks was transferred back to state custody.

- *August 20, 2007*: Hicks was sentenced in Lauderdale County, Mississippi, to a 10-year term of imprisonment.

- *March 23, 2012*: Hicks was released via parole from the Mississippi sentence and immediately placed into federal custody for commencement of his federal sentence.

Doc. 3.

In the present action, Hicks asserts that the BOP owes him credit for time served from June 20, 2005 to August 19, 2007.  Doc. 1, att. 2, p. 3.  Hicks states that the state court granted him only "one day jail credit and adjudged that the remainder of jail credits were to be credited to the federal sentence."  Doc. 1, att. 2, p. 1.  Hicks further claims entitlement to the stated credit "because the state waived jurisdiction up and beyond the sentencing date in the federal court then the time commenced on the date the defendant was received in custody awaiting transportation by the U.S. Marshals."  Doc. 1, att. 2, pp. 2–3.

In his response to the court's amend order, Hicks attempted to clarify his argument by stating that "on 8/20/2007 the State of Mississippi sentenced me, and taking into consideration the Federal sentence withheld one day of jail credits for the State and ordered the remainder to be

---

[1] *USA v. Hicks*, 4:05-cr-30 (S.D. Miss. 2005).  The underlying felony was a September 1992 conviction for burglary of an occupied dwelling in Lauderdale County, Mississippi. *Mississippi v. Hicks*, Cause No. 424-91.

applied to the Federal Sentence, thus declaring that I was not in State custody but was in Federal Custody during this time."  Doc. 3, p. 2.

## II. LAW & ANALYSIS

A petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 is the correct mechanism for challenging the manner in which a sentence is executed.  *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).  Under section 2241, Hicks is not entitled to relief unless he can demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).

Federal sentence computation is governed by 18 U.S.C. § 3585.  *United States v. Wilson*, 503 U.S. 329, 332 (1992).  The statute provides as follows:

> **(a) Commencement of sentence.** A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> **(b) Credit for prior custody.** *A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences*
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence*.

18 U.S.C. 3585 (2013) (emphasis added).

Under the plain language of the statute, Hicks cannot obtain credit against his federal sentence for the time he served in Mississippi custody, because that time has already been credited toward his state sentence.

The undersigned agrees with the BOP's thorough and appropriate responses to Hicks's administrative remedy requests.  Those responses read as follows:

> Program Statement 5880.28 . . . states time spent under a writ of *habeas corpus* from non-federal custody will not, in itself, be considered for the purpose of custody credit.  The primary reason for custody is not the federal charge, so it is considered the federal court "borrows" an individual under the provisions of the writ of the purpose of the court appearance.  Additionally, production of a defendant via a federal Writ of *Habeas Corpus Ad Prosequendum* does not shift the primary jurisdiction of custody to the federal authorities.

Doc. 3, p. 3.

> In accordance with Program Statement5880.28, Sentence Computation Manual (CCCA of 1984), and Title 18 U.S.C. §3585(a), commencement of your Federal sentence was  effectuated when you came under the primary jurisdiction of Federal authorities on March 23, 2012.
>
> In addition, P.S. 5880.28 and Title 18 U.S.C. §3585(b), preclude the application of credit for time that has been credited against another sentence.  The period of time you spent in the primary custody of State authorities from June 20, 2005, through November 3, 2005, and November 12, 2006,[2] through August 20, 2007, was credited against your State sentence.  As a result, this time is not creditable toward your Federal sentence.
>
> Although you are not entitled to additional jail credit, we have reviewed the merits of your case. . . . The Federal Judgment and Conviction was silent on whether your sentence should run consecutively or concurrently to any other sentence.  Pursuant to Title 18 U.S.C. §3584(a), "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."   Nevertheless, the Federal sentencing court was contacted for a statement concerning its position on a retroactive designation. . . . [The sentencing judge] stated "I am against retroactive designation in this case." In light of the preceding information, we have determined that a *nunc pro tunc* designation is not appropriate in your case.

 Doc. 3, pp. 6–7.

The  Based on the plain language of 18 U.S.C. § 3585, the BOP's computation of Hicks's sentence is correct.  Hicks received credit toward his state sentence for the periods of: (1) June 20, 2005 through November 3, 2005; and (2) November 12, 2006 through August 20, 2007.

---

[2] Hicks began receiving credit toward his state sentence on November 12, 2006 even though he was not physically back in state custody until March 28, 2007.

Those periods are therefore not creditable toward his federal sentence.  The interim period of November 4, 2005 through November 11, 2006, which Hicks spent in BOP custody, has already been credited by the BOP.  Doc. 3, pp. 3–4.

Therefore, the entirety of Hicks's incarceration prior to the receipt of his state sentence has been credited appropriately.

### III. CONCLUSION & RECOMMENDATION

Hicks's sentence calculation comports with 18 U.S.C. §3585 (b), and he has not shown that he is in custody in violation of the Constitution and laws of the United States.

Accordingly, **IT IS RECOMMENDED** that Hicks's application for a Writ of *Habeas Corpus* should be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), a party aggrieved by this report and recommendation has 14 days from its service to file specific, written objections with the clerk of court. A party may respond to another party's objections within 14 days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this report and recommendation 14 days following the date of its service, or within the time frame authorized by law, shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**

THUS DONE this 22nd day of November, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE