RECEIVED
IN LAKE CHARLES, LA.
JUL 24 2014
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JOHNNY E. HICKS** | * | **CIVIL ACTION NO. 2:12-cv-3109** |
| Petitioner | * | |
| V. | * | **JUDGE PATRICIA MINALDI** |
| **JOSEPH YOUNG** | * | |
| Respondent | * | **MAGISTRATE JUDGE KAY** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM RULING

Before this court is an application for a writ of *habeas corpus* [Doc. 1] pursuant to 28 U.S.C. § 2241, filed by the petitioner, Johnny E. Hicks. For the reasons stated in the Report and Recommendation [Doc. 4] of the Magistrate Judge, as augmented and amended herein, after an independent review of the record, a *de novo* determination of the issues, and having determined that the findings are correct under applicable law,

**IT IS ORDERED** that the plaintiff's petition for *habeas corpus* be and hereby is **DISMISSED, WITH PREJUDICE.**

## FACTS AND PROCEDURAL HISTORY

The petitioner was arrested by Mississippi State law enforcement officers on June 20, 2005, for residential burglary in Mississippi.[1] On November 3, 2005, the petitioner was placed into federal custody to await trial on federal charges.[2] On February 7, 2006, he pled guilty to the

---

[1] Report and Recommendation [Doc. 4], at 2. *See also* Letter to Johnny E. Hicks from G. Maldonado, Jr., Aug. 24, 2012 [Doc. 3], at 3.
[2] Report and Recommendation [Doc. 4], at 2.

1

federal charges, and on February 8, 2007, he was sentenced in federal court to a term of imprisonment of 120 months.[3]

On March 28, 2007, the petitioner was returned to the custody of state authorities in Mississippi.[4] On August 20, 2007, he was sentenced to a term of ten years of imprisonment by a state court in Lauderdale County, Mississippi.[5] The petitioner states that the state court judge, at sentencing, ordered that the petitioner was to be credited one day for time served against the state sentence, and adjudged that the remainder of the more than two years of presentence custody were to be credited toward his federal sentence.[6] The petitioner's principal complaint in the instant petition is that the amount of credit he is due for time served has allegedly been improperly calculated.[7] On March 23, 2012, the petitioner was paroled into the custody of federal authorities to commence his federal sentence.[8]

In response to the petitioner's first administrative grievance, in July 12, 2012, Warden J.P. Young denied the petitioner's request for administrative relief, stating,

> The Designation and Sentence Computation Center (DSCC) reviewed and determined you were released to the United States Marshals (USM) on November 3, 2005, and returned to state custody for sentencing on March 28, 2007. On September 11, 2007, you were released to the Mississippi Department of Corrections. An investigation into this matter reveals your sentence computation is correct.[11]

On August 24, 2012, in the response to the petitioner's appeal to the Regional Director for the Bureau of Prisons, the Regional Director stated that

> Mississippi law enforcement officials confirmed you received credit on your state sentence for the time spent in federal custody pursuant to the federal writ. You received credit toward your state sentence from June 20, 2005, to November 3, 2005,

---

[3] Memo. Order [Doc. 2], at 1 (citing *United States v. Hicks*, 4:05-cr-30 (S.D. Miss. 2005)); Letter to Johnny E. Hicks from G. Maldonado, Jr., Aug. 24, 2012 [Doc. 3], at 3.
[4] Administrative Remedy No. 693788-A1, Nov. 2, 2012 [Doc. 3], at 6.
[5] *Id.*
[6] Pet. [Doc. 1], at 3; Ex. A, Sentencing Doc., Aug. 20, 2007 [Doc. 1], at 5.
[7] *See* Pet. [Doc. 1], at 1.
[8] Administrative Remedy No. 693788-A1, Nov. 2, 2012 [Doc. 3], at 6.
[11] Administrative Remedy (BP-9) ID # 693788-F1, July 12, 2012 [Doc. 3], at 9.

2

and November 12, 2006, to March 23, 2012. You received presentence credit toward your federal sentence from November 4, 2005, to November 11, 2006.[12]

The petitioner then appealed to the Bureau of Prison's (BOP) Administrative Remedy Section in Washington, D.C. On November 2, 2012, the Administrator stated that the petitioner's federal sentence did not commence until March 23, 2012, the date that the petitioner came under the primary jurisdiction of federal authorities.[13] The Administrator went on to state,

> [t]he period of time you spent in the primary custody of State authorities from June 20, 2005, through November 3, 2005, and November 12, 2006, through August 20, 2007, was credited against your State sentence. As a result, this time is not creditable toward your Federal sentence.[14]

The Administrator did not contradict the Regional Director's assessment that presentence credit had been awarded toward the petitioner's federal sentence for the period from November 4, 2005, to November 11, 2006.[15]

Following the filing of the petitioner's application for a writ of *habeas corpus*, the Magistrate Judge ordered the petitioner to provide proof that he exhausted all administrative remedies prior to filing the instant suit, as well as a full timeline of his incarceration history.[16] The petitioner responded with the requested order on May 28, 2013.[17]

The Report and Recommendation of the Magistrate Judge recommends that the matter be dismissed, with prejudice.[18] Applying 18 U.S.C. § 3585(b), the Magistrate Judge correctly concludes that the petitioner cannot obtain credit against his federal sentence for time served that has already been credited toward his state sentence.[19]

---

[12] Administrative Response, Case No. 693788-R1, Aug. 24, 2012 [Doc. 3], at 3.
[13] Administrative Remedy No. 693788-A1, Nov. 2, 2012 [Doc. 3], at 6.
[14] Administrative Remedy No. 693788-A1, Nov. 2, 2012 [Doc. 3], at 6.
[15] Additionally, the federal sentencing court was contacted, and the Honorable Judge William H. Barbour, Jr., stated, as to whether the state and federal sentences should be served concurrently or consecutively, that he was "against a retroactive designation in this case." *Id.* at 7.
[16] Memo. Order [Doc. 2], at 2.
[17] *See generally* Notice of Compliance with Memo. Order [Doc. 3].
[18] Report and Recommendation [Doc. 4], at 1.
[19] *Id.* at 2.

## LAW AND ANALYSIS

28 U.S.C. § 2241 "is correctly used to attack the manner in which a sentence is executed." *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (citation omitted). A petition for a writ of *habeas corpus* may be granted by a district court if the prisoner can show "[h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).

The calculation of credit for time served is determined by the provisions of 18 U.S.C. § 3585(b), which states that

> [a] defendant *shall* be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> *that has not been credited against another sentence.*

18 U.S.C. § 3585(b) (emphasis added).[20] When time served has already been credited against a state sentence, the BOP is not required to credit that time to a federal sentence. *Leal v. Tombone*, 341 F.3d 427, 430 (5th Cir. 2003).

The petitioner argues that he is owed credit for time served against his ongoing federal sentence for the time spent in custody from the time of arrest in June, 2005, until August 19, 2007, the day before he received his state sentence.[21] There appears to be some understandable confusion on the part of the petitioner due to the fact that nowhere in any of the administrative replies that he received is the state court sentencing judge's statement addressed, in which the state court judge stated that only one day's credit for time served would be applied to the

---

[20] *See also Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003) (citation omitted) (stating that "[a] defendant is to be given credit toward his term of federal imprisonment for any time he spent in official detention prior to the commencement of his sentence 'that has not been credited against another sentence.'").
[21] Memo. in Supp. [Doc. 1-2], at 2-3.

4

petitioner's state court sentence and that the remainder would be applied to his federal sentence. This would appear to be in contravention to the findings of the Regional Director, wherein he stated that all of the petitioner's presentence time in custody has already been credited to either his state or federal sentence.[22]

There is no reason in the record to believe that the assertions set forth in the administrative replies are either inaccurate or untruthful. Regional Director, G. Maldonado, Jr., clearly states that, despite what the state court trial judge may have granted at sentencing, "Mississippi law enforcement officials confirmed [that the petitioner] received credit on [his] state sentence for the time spent in federal custody pursuant to the federal writ."[23] According to the Regional Director, credit was granted towards the state sentence for the period of June 20, 2005, to November 3, 2005.[24] The Regional Director also states that the period from November 4, 2005, to November 11, 2006, has been credited towards the petitioner's federal sentence.[25] This assessment is not contradicted anywhere in the National Inmate Appeals Administrator's response. Both the Regional Director and the Administrator state that the period from November 12, 2006, through August 20, 2007, was credited against the petitioner's state sentence.[26] Accepting these assertions as true, the plaintiff has already been awarded credit for all presentence time served, including over one year's credit against his federal sentence, and 18 U.S.C. § 3585(b) has no further application.

Even assuming, *arguendo*, that the situation is as the petitioner alleges insofar as he asserts that the BOP has failed to properly credit him for time served in accordance with statements made by the state court sentencing judge as to the applicability of credit for time

---

[22] *See* Administrative Response, Case No. 693788-R1, Aug. 24, 2012 [Doc. 3], at 3.
[23] Administrative Response, Case No. 693788-R1, Aug. 24, 2012 [Doc. 3], at 3.
[24] *Id.*
[25] *Id.*
[26] *Id.*; Administrative Remedy No. 693788-A1, Nov. 2, 2012 [Doc. 3], at 6.

5

served towards the petitioner's federal sentence, the petitioner would nevertheless be without recourse simply because there is no support for the contention that a state court judge has the authority to apply sentencing recommendations to a federal sentence. The Attorney General, through the BOP, is responsible for the administering of sentences, which includes the computation of credit for time served under 18 U.S.C. § 3585(b). *United States v. Wilson*, 112 S. Ct. 1351, 1354 (1992). Federal regulations provide for administrative review of these computations, and prisoners may seek judicial review of computations provided that they have exhausted their administrative remedies. *Id.* at 1355 (citations omitted). However, there is no authority for the proposition that a state court judge can have any effect on the manner of execution of a defendant's federal sentence.

For example, in *Del Guzzi v. United States*, 980 F.2d 1269 (9th Cir. 1992), the petitioner pled guilty to a federal charge and was sentenced to a 5-year term. *Id.* at 1270. A week before he was required to turn himself in to federal officials, he was arrested on state charges, pled guilty, and the state court judge sentenced him to a 7-year term that was to run concurrently with the pending 5-year federal term. *Id.* The state court judge recommended that the petitioner be transported to federal prison to serve his concurrent terms, but the federal officials refused, stating that they would only take him after he served his state term. *Id.* He was released from his state sentence, immediately accepted into federal custody, and then informed that he would not receive credit for his state custody. *Id.* The Ninth Circuit found that the state sentencing judge had no authority to require federal officials to obey a state sentence recommendation. *Id.* The court further stated that there was "no authority to violate the statutory mandate that states federal authorities need only accept prisoners upon completion of their state sentence and need

6

not credit prisoners with time spent in state custody." *Id.* at 1271 (*citing Smith v. United States Parole Comm'n*, 875 F.2d 1361, 1364 (9th Cir. 1989)) (additional citations omitted).

The concurring opinion, sympathetically, stated that "the real consequences of the plea agreement were completely different than what the petitioner expected". *Id.* at 1271 (Norris, J., concurring). The concurrence further found, in view of the trial record, that "[the petitioner], his lawyer, the prosecutor, and both the judge who accepted the plea agreement and the judge who entered the sentence[] all believed that [the petitioner's] sentences would run concurrently." *Id.* at 1272 (Norris, J., concurring). The concurring opinion went on to state that it was thereby putting state sentencing judges and state defense attorneys "on notice" that federal prison officials are under no obligation to follow the recommendation of state sentencing judges. *Id.* (Norris, J., concurring).

The Fifth Circuit similarly gives little to no weight to the recommendations of state court sentencing judges as to the manner in which federal sentences are carried out. In *Leal v. Tombone*, 341 F.3d 427 (5th Cir. 2003), the state sentencing judge ordered the petitioner's five-year state sentence to run concurrently with his five-year federal sentence, to be served at a federal correctional facility. *Id.* at 427-28. The petitioner sued, alleging a due process violation, when federal authorities failed to credit his federal sentence with time spent incarcerated in state prison. *Id.* at 427. Ultimately, relying in part on *Del Guzzi*, the Fifth Circuit held that the "BOP was not required to credit that time toward [the petitioner's] federal sentence." *Id.* at 430. *See also Hunter v. Tamez*, 622 F.3d 427, 430-31 (5th Cir. 2010).

Given the lack of authority granted to state court judges under the case law of the Fifth Circuit—and indeed, most circuits—the court finds no authority for the proposition that a state court judge could dictate to the BOP the amount of credit the petitioner could be awarded for

7

presentence time served. Thus, even assuming that the petitioner had been granted no credit to his federal sentence for presentence time served, the determination of what credit he was due would be made by the Attorney General through the BOP in accordance with 18 U.S.C. § 3585(b), not by the state court sentencing judge. However, such a determination is largely academic since the BOP has already indicated that presentence credit has been granted toward the petitioner's federal sentence for the period spent in custody from November 4, 2005, to November 11, 2006,[27] thus accounting for just over one year of the petitioner's federal sentence; the remainder of the petitioner's presentence time in custody has already been credited towards his state sentence. This is supported by the fact that the petitioner was sentenced in state court to ten years of incarceration, yet was released from state custody in fewer than five years.

While 18 U.S.C. § 3585(b) employs the mandatory "shall" rather than the permissive "may," the BOP has stated that all of the petitioner's presentence time served has already been credited. Lacking a showing that this is not the case, it may not be said that the petitioner is in custody in violation of 18 U.S.C. § 3585(b) or the Constitution, treaties, or laws of the United States. However, despite what ultimately amounts here to a full and complete distribution of credit for the petitioner's presentence time in custody in accordance with 18 U.S.C. § 3585(b), the court nevertheless wishes to follow Judge Norris' lead in placing both state court judges and defense attorneys "on notice" with regard to the limited authority of state court judges under federal law to dictate to federal authorities the manner in which federal sentences are carried out.[28] Accordingly,

---

[27] Administrative Response, Case No. 693788-R1, Aug. 24, 2012 [Doc. 3], at 3.
[28] See *Del Guzzi*, 980 F.2d at 1271 (Norris, J., concurring) (discussing whether plea agreements entered into under such circumstances can actually be "free and voluntary").

8

**IT IS ORDERED** that the Report & Recommendation [Doc. 4] of the Magistrate Judge is hereby **AFFIRMED**, and the petitioner's application for a writ of *habeas corpus* be and hereby is **DISMISSED, WITH PREJUDICE**.

Lake Charles, Louisiana, this 23 day of July, 2014.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE